UNITED STATES DISTRICT COURT

FOR THE DISTRICT COURT OF KANSAS

| | |
|---|---|
| CLEVELAND INTEGRITY SERVICES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. ) |
| Terry Albee, | ) ) ) |
| Defendant. | ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Cleveland Integrity Services, Inc., ("CIS" or "Plaintiff"), states for its complaint as follows, upon knowledge as to its own acts and upon information and belief as to all other matters:

**NATURE OF THE ACTION**

1. This is an action for a declaratory judgment.

2. Terry Albee ("Albee" or "Defendant") filed a Collective Action Complaint against CIS in this Court seeking relief under the Fair Labor Standards Act ("FLSA"): *Albee v. Cleveland Integrity Services, Inc.*, No. 15-CV-9149 (D. Kan. filed July 1, 2015).

3. CIS then moved to compel arbitration asking the Court 1) to compel Albee, consistent with the terms of his arbitration agreement, to arbitrate his FLSA claim; and 2) to order that his arbitration proceed as only an individual action: *i.e.*, not as a collective action.

4. Prior to the Court having an opportunity to rule on that motion, Albee voluntarily dismissed his lawsuit while -- on the same day -- filing a "collective action demand for arbitration" (the "AAA Arbitration") which asserts claims not only on behalf of himself but also on behalf of a putative class of current and former employees of CIS.

5. A true copy of Albee's Arbitration Demand is attached hereto as Exhibit A.

1

6. Albee's arbitration agreement, upon which he bases his collective action AAA Arbitration, does not authorize arbitration on a class or collective action basis. Where, as here, an arbitration agreement does not provide for class or collective action, neither is permitted.

7. A true copy of Albee's Arbitration Agreement is attached hereto as Exhibit B.

8. The determination of who is bound to arbitrate (including whether class or collective arbitration has been agreed to) is a gateway issue that must be resolved by courts. This action seeks just that declaration.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. This action arises under the Federal Arbitration Act and seeks to address the arbitration of claims under another federal statute: the FLSA.

10. This Court has personal jurisdiction over Albee because he transacted business in the state of Kansas between approximately July 2013 and October 2013 as a CIS employee and has initiated an arbitration proceeding against CIS arising out of his employment in Kansas.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the Albee's employment with CIS -- which is the basis for Albee's claims under the FLSA -- was in Kansas.

## DECLARATORY JUDGMENT SOUGHT

12. Albee's AAA Arbitration demands to proceed with his FLSA claim on a collective action basis and to have an arbitrator determine whether his collective action is permissible; CIS maintains here (as it did in its motion to compel arbitration on an individual basis filed in Albee's prior lawsuit in this Court) that Albee's arbitration agreement does not

permit arbitration on a collective action basis and that this is a gateway issue which no arbitrator can resolve.

13. Under the Declaratory Judgment Act and the Federal Arbitration Act, an actual and justiciable controversy exists between CIS and Albee in connection with the arbitrability of the collective action claims that Albee has attempted to inject into his AAA Arbitration.

14. CIS is entitled to a declaration that Albee is precluded from pursuing a collective action in arbitration because CIS never agreed to, and its arbitration agreement with Albee does not authorize, the arbitration of disputes on a class or collective basis.

## PRAYER FOR RELIEF

WHEREFORE, CIS respectfully requests judgment as follows:

    i. a declaration that Albee is precluded from expanding his individual arbitration to include claims of others in a collective action; and

    ii. an order awarding such other and further relief as the Court deems just and proper.

Dated: October 30, 2015

Respectfully submitted,

**SEYFERTH BLUMENTHAL & HARRIS LLC**

By  /s/ *Kimberly A. Jones*
Kimberly A. Jones, KS Bar # 16684
4801 Main St., Ste. 310
Kansas City, MO  64112
Tel:  (816) 756-0700
Fax: (816) 756-3700
kim@sbhlaw.com

**Attorney for Plaintiff**
**Cleveland Integrity Services, Inc.**